UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **MARVIN GEORGE NALLEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 09-CV-0771-CVE-TLW |
| | ) | |
| **ROBERT L. DUNN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**OPINION AND ORDER**

Now before the Court are Plaintiff Marvin George Nalley's Motion for Partial Summary Judgment (Dkt. # 34) and Defendant Robert L. Dunn's Motion for Summary Judgment and Brief in Support (Dkt. ## 38, 42). Plaintiff seeks partial summary judgment on defendant's affirmative defenses of contributory negligence, open and obvious danger, assumption of the risk, and pre-existing condition. Defendant requests summary judgment on plaintiff's negligence claim, and argues that there is no evidence that defendant's conduct caused plaintiff to fall from a roof and suffer personal injuries.

**I.**

Robert L. Dunn allowed his friend, Joe LaFon, to stay at his house in Oolagah, Oklahoma while LaFon was separated from his wife. In August 2008, Dunn wanted to repair the roof of his house and LaFon arranged for his brother, Marvin Nalley, to go to Oolagah to assist with the repair. Nalley lived in Texas, but agreed to travel to Oklahoma as a favor. Dunn agreed to pay Nalley about $500 or $600. Nalley had previously held various jobs as a laborer or construction worker, including at least two jobs for roofing companies. Nalley worked as a laborer for Mac Roofing in Port Arthur, Texas for about four or five years. Nalley subsequently worked for Benco Roofing in

Port Arthur as a laborer and roofer. Nalley briefly worked for a commercial roofing company, Carlisle Syntec, before opening his own business called Construct All. He operated Construct All for about eight or nine years, and performed a wide range of work, including "construction, carpentry work, small jobs, [and] roofing . . . ." Dkt. # 42, Ex. 1, at 10. About half of Construct All's business was related to roof repair.

Nalley arrived in Oolagah near the end of August 2008, and began working on Dunn's roof. Nalley worked on Dunn's roof for four days and, on September 2, 2008, he fell from the roof onto a rock. Nalley states that the rock was approximately 24 inches tall and 18 inches wide, and was shaped like a triangle with a point at the top.[1] Dkt. # 42, Ex. 1, at 45. Nalley states that the rock was "located between a bush and a pine tree" and it was partially obscured by an accumulation of pine needles. Dkt. # 34, at 3. It is not clear what caused Nalley to fall from the roof. Nalley testified at his deposition that he was stepping from the first to the second level of the roof, and he fell backwards when his left foot slipped. Dkt. # 42, Ex. 1, at 24. When asked what caused him to slip, Nalley stated:

> Could have been anything. Could have been felt left there. Could have been a shingle. Could have been granules. You know, when you put a roof on you have the granules that roll down. Could have been a nail I rolled on. Could have been one of many things. Could have been wet still. Alls [sic] I know is I fell.

Dkt. # 43, Ex. 2, at 19. LaFon and Dunn were not within reach of plaintiff at the time he fell from the roof. Id. at 21. Nalley claims that his injuries were caused by Dunn's failure to supply a sufficient number of laborers and the presence of a "dangerous rock" on Dunn's property. Id. at 25.

---

[1] Defendant has provided a photograph of the rock, but the photograph is not clear and it not possible to determine the dimensions of the rock from this photograph. See Dkt. # 42, Ex. 4. Dunn testified that the rock was 18 inches tall and 12 inches wide at the base. Id., Ex. 2, at 8.

Nalley states that he walked around the house to look for possible dangers before he began any work, but he did not see the rock due to debris surrounding it. Id. at 27. He describes this as a "quick walkaround," and he recalls that he covered an outdoor air conditioning unit before starting to work on the roof.[2] Id. at 28. It is not clear if the rock was covered with debris at the time Nalley fell. Plaintiff claims that the rock was covered by pine needles and other debris. However, Dunn states that he cleaned up any debris before plaintiff performed a walkaround and the rock was clearly visible. Dkt. # 42, Ex. 2, at 5. Dunn also claims that, during the installation of new shingles on the roof, Nalley, Dunn, and LaFon would throw old shingles onto the ground, and the shingles, as well as natural debris covering the rock, were picked up before Nalley fell from the roof. Dkt. # 42, Ex. 1, at 41. Thus, the rock may or may not have been obscured by debris on September 2, 2009.

**II.**

Summary judgment pursuant to Fed. R. Civ. P. 56 is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Kendall v. Watkins, 998 F.2d 848, 850 (10th Cir. 1993). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex, 477 U.S. at 317. "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but

---

[2]  The purpose of covering the air conditioning unit was to prevent rocks, shingles, or nails from damaging the air conditioner, but no steps were taken to prevent injury from falling onto the air conditioner. Dkt. # 42, Ex. 1, at 38.

3

rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Id. at 327.

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. In essence, the inquiry for the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 250. In its review, the Court construes the record in the light most favorable to the party opposing summary judgment. Garratt v. Walker, 164 F.3d 1249, 1251 (10th Cir. 1998).

### III.

Defendant argues that there is no evidence that his conduct caused plaintiff to fall from the roof, and plaintiff cannot establish that any act of defendant proximately caused his injuries. Plaintiff responds that there is a genuine issue of material fact as to what caused plaintiff to fall, and this precludes summary judgment on plaintiff's claims.

Plaintiff alleges that defendant was negligent for failing to move the "dangerous rock" located near defendant's house or failing to warn plaintiff of the rock's presence before plaintiff began to work on the roof. Under Oklahoma law, plaintiff must prove three elements to prevail on a negligence claim: (1) defendant owed a duty to plaintiff to protect plaintiff from injury; (2)

4

defendant violated that duty; and (3) plaintiff suffered injuries that were proximately caused by defendant's violation of a duty. Consolidated Grain & Barge Co. v. Structural Systems, Inc., 212 P.3d 1168, 1171 n.8 (Okla. 2009). "The owner of premises owes 'the duty to exercise reasonable care to keep the premises in a reasonably safe condition and to warn invitees of conditions which are in the nature of hidden dangers.'" Ruddy v. Skelly, 231 P.3d 725, 727 (Okla. Civ. App. 2009) (quoting Rogers v. Hennessee, 602 P.2d 1033, 1034 (Okla. 1979)). An invitor has no duty to warn an invitee of the presence of open and obvious dangers on the invitor's property. Williams v. Tulsa Motels, 958 P.2d 1282 (Okla. 1998). An invitor is not a "guarantor of the safety of its invitees," and is not liable for injuries caused by a hazard of which the invitee should have been aware. Dover v. W.H. Braum, Inc., 111 P.3d 243, 245 (Okla. 2005).

Defendant asserts that plaintiff has produced no evidence that defendant caused plaintiff to fall or that there was a hidden danger or condition on defendant's property, and defendant is entitled to summary judgment on plaintiff's negligence claim. Defendant cites plaintiff's deposition testimony, in which plaintiff stated that he fell "all on [his] own," and argues that plaintiff's fall was not caused by defendant. Dkt. # 42, at 15-16. According to defendant, the proximate cause of plaintiff's injuries was his fall from the roof, not the presence of the rock. Id. at 17. Defendant also argues that the rock was an open and obvious danger, and defendant had no duty to warn plaintiff about the presence of the rock. Id. at 18. Plaintiff responds that the rock was a hidden danger on defendant's property, and defendant failed to warn him about the rock's presence before plaintiff began working on the roof. He also claims that there is evidence that defendant was aware that the rock was dangerous, and told LaFon that he considered moving the rock to avoid the kind of injury suffered by plaintiff. Dkt. # 43, Ex. 5, at 4 (LaFon testified in his deposition that "I think [Dunn]

said he thought about moving [the rock] in case somebody fell" but he could not clearly recall what Dunn said or if he made any such statement).

The Court finds that there is a genuine issue of material fact as to what caused plaintiff to fall from the roof. Plaintiff's deposition is equivocal as to the cause of the fall, but it leaves open the possibility that numerous conditions could have caused him to fall. He does not know if he stepped on debris, an old shingle, or part of the repaired roof. Dkt. # 42, Ex. 1, at 29. He has testified that he bore no fault for the fall and the cause of the fall was likely defendant's failure to hire sufficient helpers to keep the roof free of debris. Dkt. # 43, Ex. 2, at 25. Defendant claims that he is entitled to summary judgment because plaintiff has failed to produce evidence that defendant's conduct caused him to fall. However, plaintiff testified that defendant's failure to hire sufficient help may have caused his fall. Id. The evidence in the summary judgment record does not clearly establish what caused plaintiff to fall, and any number of causes, including plaintiff's own negligence, could have caused the fall. This is a genuine issue of material fact that requires the Court to deny defendant' motion for summary judgment.

There is also a genuine issue of material fact concerning the existence of a hidden danger on defendant's property. Under Oklahoma law, an invitee "assumes all normal or ordinary risks attendant upon the use of the premises, and the owner or occupant is [not] liable for injury to an invitee resulting from a danger which was obvious or should have been observed in the exercise of ordinary care." Williams, 958 P.2d at1284. In the exercise of reasonable care, an invitor must keep the premises in a reasonably safe condition and warn an invitee of conditions which are "in the nature of hidden dangers, traps, snares or pitfalls." Martin v. Aramark Servs., Inc., 92 P.3d 96, 97 (Okla. 2004). Regardless of a person's age and health, he or she has a duty to exercise ordinary care

to avoid open and obvious dangers on another's premises. See Nicholson v. Tacker, 512 P.2d 156 (Okla. 1973). A heightened duty of care between a landowner and visitor to a premises arises only when a special or custodial relationship exists between the parties. Pickens v. Tulsa Metropolitan Ministry, 951 P.2d 1079, 1086-87 (Okla. 1997). In this case, there is conflicting evidence as to whether the rock was visible or was a hidden danger. Plaintiff testified that the rock was obscured by brush and pine needles, and he did not see the rock during his walkaround. Defendant states that he cleared limbs, brush, and pine needles from the rock before plaintiff conducted his walkaround, and plaintiff was aware or should have been aware of the rock. Thus, there is a genuine issue of material fact concerning the existence of a hidden danger on defendant's property, and defendant is not entitled to summary judgment.

## IV.

Plaintiff seeks summary judgment as to four of defendant's affirmative defenses on the ground that defendant has not produced evidence supporting these affirmative defenses. Defendant responds that genuine issues of material fact preclude summary judgment on his affirmative defenses of contributory negligence, assumption of the risk, open and obvious danger,[3] and pre-existing condition.

Based on the Court's finding that there is a genuine issue of material fact as to the cause of plaintiff's fall, plaintiff's motion for summary judgment on the issue of contributory negligence should be denied. "Contributory negligence is an act or omission on the part of a plaintiff amounting to want of ordinary care which, together with the negligence of the defendant, is the

---

[3] The Court has already determined that there is a genuine issue of material fact as to the existence of an open and obvious danger on defendant's property, and this also precludes summary judgment on plaintiff's partial motion for summary judgment on this issue.

proximate cause of plaintiff's injury." Claborn v. Plains Cotton Co-op. Ass'n, 211 P.3d 915, 920 (Okla. Civ. App. 2009). A plaintiff is barred from recovering against a defendant if his own fault is greater than that of the defendant. Graham v. Keuchel, 847 P.2d 342, 361 (Okla. 1993). Oklahoma law requires only a minimal amount of evidence to require submission of this issue to a jury. OKLA. CONST. art. XXIII, § 6; Thomason v. Pilger, 112 P.3d 1162 (Okla. 2005). The evidence establishes that many causes, including plaintiff's own failure to exercise reasonable care for himself, could have been the proximate cause of his fall, and plaintiff is not entitled to summary judgment on defendant's affirmative defense of contributory negligence.

     Plaintiff claims that there is no evidence that he assumed the risk of injury, and the issue of assumption of the risk should not be submitted to the jury. Assumption of the risk is not a substitute for the defense of contributory negligence, and it is a separate defense under Oklahoma law. To establish the affirmative defense of assumption of the risk, a defendant must prove four elements: "(1) plaintiff knew and appreciated the degree of danger; (2) plaintiff had the opportunity to avoid the risk; (3) plaintiff acted voluntarily; and (4) plaintiff's action was the direct cause of [his] injury." Thomas v. Wheat, 143 P.3d 767, 771 (Okla. Civ. App. 2006). In the context of a premises liability case, an invitee assumes the "normal and ordinary risks attendant upon the use of the premises" and bears the risk of injury from open and obvious dangers on the premises. Byford v. Town of Asher, 874 P.3d 45, 49 (Okla. 1994). The defense of assumption of the risk applies only when the parties have entered some type of voluntary relationship, such "physician-patient, attorney-client, landowner/occupier-entrant . . . ." Thomas v. Holliday By and Through Holliday, 764 P.2d 165, 170 n.16 (Okla. 1988). Plaintiff overstates the requirements for defendant to prove assumption of the risk, and it is not necessary that plaintiff consent to injury before this defense applies in a premises

liability case. Dkt. # 34, at 7 ("To prevail of the affirmative defense of assumption of the risk, defendant must prove that [plaintiff] consented to being harmed."). Plaintiff voluntarily entered defendant's property and impliedly consented to the risk of injury from open and obvious conditions. Plaintiff's motion for summary judgment is not based on the correct legal standard, and this defense is sometimes available when a licensee is injured by an open and obvious condition on the landowner's property. See Wheat, 143 P.3d at 771 (it is presumed that the patron of a golf course assumes the risk of injury from errant golf balls); Lang v. Amateur Softball Ass'n of America, 520 P.2d 659 (Okla. 1974) (patron at softball game assumed risk of injury from foul balls by entering the premises). The Court has already determined that the existence of an open and obvious danger on defendant's property is a genuine issue of material fact, and this also precludes summary judgment as to defendant's affirmative defense of assumption of the risk.

Plaintiff argues that defendant has no evidence that plaintiff suffered from a pre-existing condition to the parts of his body injured by the fall from the roof, and defendant should not be permitted to assert a defense based on a pre-existing condition. Defendant responds that plaintiff could not have injured his knee when he fell off the roof and plaintiff's deposition testimony suggests that he had a pre-existing knee problem. Under Oklahoma law, a defendant is liable to a plaintiff only for injuries caused by the defendant's conduct, and a plaintiff may not be awarded damages for a condition that existed before the event giving rise to the lawsuit. Cantrell v. Henthorn, 624 P.3d 1056, 1058 (Okla. 1981). However, a defendant may be held liable for aggravating or worsening a pre-existing condition of the plaintiff. Id. Defendant argues that plaintiff cannot explain how he injured his left knee and he admitted to having "regular everyday" knee problems before the fall. Dkt. # 37, Ex. 1, at 43-44. This is not sufficient to submit the issue

of a pre-existing condition to the jury, because this is nothing more than speculation that plaintiff had a pre-existing knee problem. This is an affirmative defense, and defendant has the burden to produce evidence showing that a genuine issue of material fact requires submission of this issue to the jury. Defendant has produced no evidence that plaintiff had a pre-existing knee condition, and plaintiff is entitled to summary judgment on this affirmative defense.

**IT IS THEREFORE ORDERED** that Plaintiff Marvin George Nalley's Motion for Partial Summary Judgment (Dkt. # 34) is **granted in part** and **denied in part**: it is granted as to defendant's affirmative defense of pre-existing condition and denied as to the affirmative defenses of contributory negligence, open and obvious danger, and assumption of the risk. Defendant Robert L. Dunn's Motion for Summary Judgment and Brief in Support (Dkt. ## 38, 42) is **denied**.

**DATED** this 20th day of July, 2010.

*Claire V. Eagan*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT