UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARVIN GEORGE NALLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-CV-0771-CVE-TLW |
| ) | |
| ROBERT L. DUNN, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Now before the Court is Defendants [sic] Motion to Reconsider Defendants [sic] Motion for Summary Judgment (Dkt. # 67). Defendant filed a motion for summary judgment (Dkt. ## 38, 42) asserting that plaintiff had no evidence that defendant caused plaintiff to fall from the roof onto a rock or that the rock was a hidden danger on defendant's property. On July 20, 2010, the Court denied defendant's motion for summary judgment. Dkt. # 57. The Court found that there were genuine issues of material facts as to the cause of plaintiff's fall and whether the rock was an open and obvious danger on defendant's property. Id. at 6-7. Defendant claims that the Court erred when it denied defendant's motion for summary judgment, because plaintiff failed to come forward with any evidence that defendant's conduct caused plaintiff to fall from the roof and the Court misunderstood defendant's argument concerning his alleged duty to warn plaintiff of the presence of the rock.

The Court treats defendant's motion to reconsider under Fed. R. Civ. P. 54(b), as the underlying opinion and order is not a final order or judgment. See Raytheon Constructors, Inc. v. Asarco Inc., 368 F.3d 1214, 1217 (10th Cir. 2003). Defendant's motion does not address the appropriate standard of review for his motion to reconsider, but his motion implies the Court should

reconsider its opinion and order under a de novo standard. The Court may, however, call into play the legal standards applicable to a Rule 59(e) motion to alter or amend judgment. See, e.g., Official Committee of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand LLP, 322 F.3d 147, 167 (2d Cir. 2003). A motion to reconsider, like a motion to alter or amend judgment, should be granted only upon the following grounds: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000); see Adams v. Reliance Standard Life Ins. Co., 225 F.3d 1179, 1186 n.5 (10th Cir. 2000). The Court will exercise its discretion to review defendant's motion under the standards applicable to Rule 59(e) motions. A district court does not abuse its discretion if it refuses to reconsider arguments that have already been considered and rejected. See Servants, 204 F.3d at 1009; Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991). Reconsideration is "not available to allow a party to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." FDIC v. United Pacific Ins. Co., 152 F.3d 1266, 1272 (10th Cir. 1998) (quoting Cashner v. Freedom Stores, Inc., 98 F.3d 572, 577 (10th Cir. 1996)).

Defendant does not cite an intervening change in the law or new evidence that was previously unavailable, and his motion simply asks the Court to reconsider arguments that have been considered and rejected. This is not a basis for a motion to reconsider and, in any event, the Court did not misunderstand defendant's arguments. There is a genuine issue of material fact as to the cause of plaintiff's fall. Plaintiff produced evidence suggesting that any number of causes, including defendant's failure to hire adequate help or clear the roof, could have caused his fall, and plaintiff

met his burden under Fed. R. Civ. P. 56 to come forward with evidence in support of his claims. See Dkt. # 57, at 6.  There is also a genuine issue of material fact as to whether the rock was a hidden danger on defendant's property.  There is conflicting evidence concerning the size of the rock and whether it was visible, and a jury must determine if the rock was a hidden danger on defendant's property.  Id. at 2-3, 7.  These issues were fully addressed in the Court's opinion and order denying defendant's motion for summary judgment, and defendant's motion to reconsider should be denied.

**IT IS THEREFORE ORDERED** that Defendants [sic] Motion to Reconsider Defendants [sic] Motion for Summary Judgment (Dkt. # 67) is **denied**.

**DATED** this 26th day of July, 2010.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

3