UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARVIN GEORGE NALLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 09-CV-0771-CVE-TLW |
| | ) |
| ROBERT L. DUNN, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter comes on for consideration of the Motion to Allow Defense Counsel to Speak to Jurors (Dkt. # 111). The Court held a jury trial in this case but the jury was unable to reach a verdict. Defense counsel requests leave to speak to the jurors under LCvR 47.2. Rule 47.2 states that "[a]t no time, including after a case has been completed, may attorneys approach or speak to jurors regarding the case unless authorized by the Court . . . ." Trial courts possess great latitude in determining whether counsel has sufficiently demonstrated cause to contact jurors. Clyma v. Sunoco, Inc., 594 F.3d 777 (10th Cir. 2010) (district courts have discretion to deny attorneys or the press permission to speak to jurors after a trial); Green Constr. Co. v. Kansas Power & Light Co., 1 F.3d 1005, 1012 (10th Cir. 1993) ("District courts have wide discretion to restrict attorney-juror contact in order to shield jurors from post-trial fishing expeditions by losing attorneys."); Journal Publ'g Co. v. Mechem, 801 F.2d 1233, 1236 (10th Cir. 1986) (noting that a court "may broadly proscribe attorney and party contact with former jurors").

The Court finds that the defense counsel should not be permitted to speak to jurors for any purpose, and defense counsel's motion should be denied. Defense counsel does not state why he wishes to speak to jurors, and the Court assumes that defense counsel does not have an improper

purpose. However, the Court instructs jurors in every jury trial that their deliberations are secret, and they will not have to discuss their deliberations or explain their verdict to anyone. There is a strong need to prevent potential harassment of jurors following a trial, and this outweighs any interest that defense counsel might have in gathering information from the jurors.

**IT IS THEREFORE ORDERED** that Motion to Allow Defense Counsel to Speak to Jurors (Dkt. # 111) is **denied**.

**DATED** this 20th day of August, 2010.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE